## John Townsend against John L. Tanner.

Where a complaint is founded on a trespass to lands by cutting wood, &c., and claims a certain sum for damages; the action does not come within the 192d section of the code, and the Plaintiff cannot have an injunction restraining the Defendant from cutting the wood, &c., pending the litigation. He can only finally recover a sum of money by way of damages.

*Dutchess Special Term, Dec.* 11, 1848.—The complaint in this case is founded on a trespass to lands by cutting wood, &c., and claims $300 damages. After the action was commenced the Plaintiff obtained a temporary injunction upon an affidavit setting forth that the Defendant continued the cutting, and which tended to render any judgment he might obtain, effectual, &c.

T. C. Campbell, *for Def't, now moves to dissolve the injunction.*
S. Dean, *for Plaintiff.*

Barculo, Justice.—The Plaintiff's counsel is mistaken in supposing that this case comes within the 192d section of the code. It does not come within the first clause, because no part of the relief demanded " consists in restraining the commission," of the trespass: nor, within the last clause, because the continuance of the trespass *cannot* tend to render the judgment ineffectual. The former refers to cases where the final judgment may include a perpetual injunction restraining the Defendant ; and

t he latter applies to actions brought to recover or preserve a specific t hing, the destruction of which by the Defendant, during the litigation, would defeat the object thereof. In this case the Plaintiff can, under the pleadings, only recover a sum of money, by way of damages; and the injunction, if retained until the trial, would, of course, be vacated the moment judgment is given, although in favor of the Plaintiff. *Injunction dissolved.*